**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | **Lakisha** | | **Lottie** |
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse, if filing) | **Ricky** | | **Lottie** |
| | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | **Northern** | District of: | **Illinois** (state) |
| Case number (if known) | **19-36544** | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed

Official Form 113

# Chapter 13 Plan

12/17

## Part 1: Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☑ Included | ☐ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☑ Included | ☐ Not included |

## Part 2: Plan Payments and Length of Plan

2.1  Debtor(s) will make regular payments to the trustee as follows:

$950.00 per <u>month</u> for <u>36</u> month(s)

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor 1 | Lakisha | | Lottie | Case number | 19-36544 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*

- [✓] Debtor(s) will make payments pursuant to a payroll deduction order.
- [ ] Debtor(s) will make payments directly to the trustee.
- [ ] Other (specify method of payment):

**2.3 Income tax refunds.**

*Check one.*

- [✓] Debtor(s) will retain any income tax refunds received during the plan term.
- [ ] Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will turn over to the trustee all income tax refunds received during the plan term.
- [ ] Debtor(s) will treat income tax refunds as follows:

**2.4 Additional payments.**

*Check one.*

- [✓] **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is** $34,200.00

## Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check all that apply.*

- [✓] **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

| Debtor 1 | Lakisha | | Lottie | Case number | 19-36544 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

☑ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed *Amount of secured claim*. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the column headed *Amount of secured claim* will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Illinois American Water Co. | $2,100.00 | 345 Fleetwood Ave., Bolingbrook, IL 60440 | $0.00 | | $2,100.00 | 0.00% | $21.00 | $2,100.00 |

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☑ The claims listed below were either:

(a) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Amount of claim | Interest rate | Monthly plan payment | Estimated total payments by trustee |
|---|---|---|---|---|---|
| MEIJER CU | 2016 Dodge Journey | $16,559.84 | 7.00% | $166.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $19,674.60 |
| MEIJER CU | 2013 Nissan Altima | $11,393.76 | 7.00% | $114.00<br>Disbursed by:<br>☑ Trustee<br>☐ Debtor(s) | $13,537.20 |

| Debtor 1 | **Lakisha** | | **Lottie** | Case number | **19-36544** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**3.4** **Lien avoidance.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*
**The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked.**

**3.5** **Surrender of collateral.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

| Debtor 1 | Lakisha | | Lottie | Case number | 19-36544 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 4: Treatment of Fees and Priority Claims

**4.1  General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2  Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 5.40% of plan payments; and during the plan term, they are estimated to total $1,846.80

**4.3  Attorney's fees**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $4,861.70

**4.4  Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
☑ The debtor(s) estimate the total amount of other priority claims to be $4,662.66

**4.5  Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

## Part 5: Treatment of Nonpriority Unsecured Claims

**5.1  Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*

☐ The sum of
☑  1.00% of the total amount of these claims, an estimated payment of $295.34
☑ The funds remaining after disbursements have been made to all other creditors provided for in this plan.

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $0.00 Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

| Debtor 1 | **Lakisha** | | **Lottie** | Case number | **19-36544** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**5.2  Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3  Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

| Debtor 1 | Lakisha | | Lottie | Case number | 19-36544 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

**6.1** **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

☑ **Assumed items.** Current installment payments will be disbursed either by the trustee or directly by the debtor(s), as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Description of leased property or executory contract | Current installment payment | Amount of arrearage to be paid | Treatment of arrearage (Refer to other plan section if applicable) | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Progressive Leasing | furniture lease | $234.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |
| Tempoe Financial | automobile furniture lease | $84.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |
| Soni, Raj | month to month residential lease | $1,950.00<br>Disbursed by:<br>☐ Trustee<br>☑ Debtor(s) | $0.00 | | $0.00 |

| Debtor 1 | Lakisha | | Lottie | Case number | 19-36544 |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | (if known) | |

## Part 7: Vesting of Property of the Estate

**7.1** Property of the estate will vest in the debtor(s) upon.

*Check the applicable box:*

☐ plan confirmation.
☑ entry of discharge
☐ other

## Part 8: Nonstandard Plan Provisions

**8.1** Check "None" or List Nonstandard Plan Provisions

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.**

1. Commencing with the March 2021 plan payment, MEIJER CU shall receive set payments in the amount of $501.00 per month.

2. Commencing 30 days after the filing of the petition, MEIJER CU shall receive pre-confirmation adequate protection payments in the amount of $166.00 per month.

3. Commencing with the March 2021 plan payment, MEIJER CU shall receive set payments in the amount of $345.00 per month.

4. Commencing 30 days after the filing of the petition, MEIJER CU shall receive pre-confirmation adequate protection payments in the amount of $114.00 per month.

5. Commencing with the March 2021 plan payment, Illinois American Water Co. shall receive set payments in the amount of $52.70 per month.

## Part 9: Signature(s):

**9.1** Signatures of Debtor(s) and Debtor(s)' Attorney

If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.

✗ _____
Signature of Debtor 1
Executed on _____
            MM / DD / YYYY

✗ _____
Signature of Debtor 2
Executed on _____
            MM / DD / YYYY

✗ /s/ Thomas March
Signature of Attorney for Debtor(s)

Date    12/30/2019
        MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certify(ies) that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Official Form 113, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** *(Part 3, Section 3.1 total)* | $0.00 |
| b. | **Modified secured claims** *(Part 3, Section 3.2 total)* | $2,100.00 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** *(Part 3, Section 3.3 total)* | $33,211.80 |
| d. | **Judicial liens or security interests partially avoided** *(Part 3, Section 3.4 total)* | $0.00 |
| e. | **Fees and priority claims** *(Part 4 total)* | $11,371.16 |
| f. | **Nonpriority unsecured claims** *(Part 5, Section 5.1, highest stated amount)* | $295.34 |
| g. | **Maintenance and cure payments on unsecured claims** *(Part 5, Section 5.2 total)* | $0.00 |
| h. | **Separately classified unsecured claims** *(Part 5, Section 5.3 total)* | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** *(Part 6, Section 6.1 total)* | $0.00 |
| j. | **Nonstandard payments** *(Part 8, total)* | + $0.00 |
| | **Total of lines a through j** | $46,978.30 |

United States Bankruptcy Court
Northern District of Illinois

In re:                                                                    Case No. 19-36544-PSH
Lakisha Lottie                                                            Chapter 13
Ricky Lottie
          Debtors

# CERTIFICATE OF NOTICE

District/off: 0752-1          User: nmolina              Page 1 of 2              Date Rcvd: Dec 31, 2019
                              Form ID: pdf001            Total Noticed: 50

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 02, 2020.
```
db/jdb         +Lakisha Lottie,    Ricky Lottie,    345 Fleetwood Ave,    Bolingbrook, IL 60440-3027
28510731       +ACS/WELLS,    ACS EDUCATION SERV 501 BLEECKER STREE,    UTICA, NY 13501-2401
28510739       +AES/AEFC-US BANK,    PO BOX 61047,    HARRISBURG, PA 17106-1047
28510730       +ARRONRNTS,    309 E PACES FERRY,    ATLANTA, GA 30305-2377
28510733       +AUTOMOTIVE CREDIT CORP,    P.O. Box 2286,    Southfield, MI 48037-2286
28510766       +Atlas Acquisitions LLC (The Bank of Missouri),    294 Union St,    Hackensack, NJ 07601-4303
28510775       +BMO Harris,    1200 E. Warrenville Road,    Naperville, IL 60563-3529
28510732       +CREDIT FIRST N A,    6275 EASTLAND RD,    BROOKPARK, OH 44142-1399
28510763       +Capital One, N.A. C/O Becket and Lee LLP,    PO Box 3001,    C/O Shraddha Bharatia,
                 Malvern, PA 19355-0701
28510761       +City of Chicago Department of Finance C/O Arnold S,    111 W Jackson,    Ste 600,
                 Chicago, IL 60604-3517
28510756       +Comcast,    PO Box 1931,    Burlingame, CA 94011-1931
28510768       +Commonwealth Edison Company Attn: Bankruptcy Depar,    1919 Swift Drive,
                 Oak Brook, IL 60523-1502
28510726       +DEPT OF ED/582/NELNET,    PO BOX 173904,    DENVER, CO 80217-3904
28510746       +EDFL SVCS/IDAPP,    120 N SEVEN OAKS DR,    KNOXVILLE, TN 37922-2359
28510745       +FED LOAN SERV,    PO Box 60610,    Harrisburg, PA 17106-0610
28510776       +Illinois American Water Co,    Po Box 3027,    Milwaukee, WI 53201-3027
28510741       +JARED-GALLERIA/GENESIS,    7100 Evergreen Way,    Ste C,    Everett, WA 98203-5168
28510737        KOHLS/CAPONE,    N56 RIDGEWOOD DR,    MENOMONEE FAL, WI 53051
28510742       +MEIJER CREDIT UNION,    2410 Gaynor Avenue NW,    Grand Rapids, MI 49544-1830
28510750       +MEIJER CU,    520 S. WASHINGTON,    LANSING, MI 48933-2302
28510770       +Portfolio Recovery Associates, LLC c/o Walmart Cre,    PO Box 41067,    Norfolk, VA 23541-1067
28510758       +Premier Bankcard, Llc Jefferson Capital Systems LL,    Po Box 7999,    Saint Cloud, MN 56302-7999
28510747       +SALLIE MAE,    PO Box 548,    Trenton, NJ 08625-0548
28510744       +TBOM - GENESIS RETAIL,    912 WEST AVENUE,    NORTH AUGUSTA, SC 29841-3311
28510725       +TELECOM SELF-REPORTED,    PO BOX 4500,    ALLEN, TX 75013-1311
28510759       +The Illinois Tollway,    PO Box 5544,    Chicago, IL 60680-5491
28510757       +The Payday Loan Store c/o Creditors Bankruptcy Ser,    P.O. Box 740933,    Dallas, TX 75374-0933
28510762       +The Payday Loan Store c/o Creditors Bankruptcy Ser,    P.O. Box 800849,    Dallas, TX 75380-0849
28510729       +US DEP ED,    PO Box 8937,    Madison, WI 53708-8937
28510773       +Village of Bolingbrook,    375 West Briarcliff Rd,    Bolingbrook, IL 60440-3829
28510777       +Village of Maywood,    PO BOX 742503,    Cincinnati, OH 45274-2503
28510743       +WELLS FARGO EDU FINANC,    301 E 58 St,    N Box 5185,    Sioux Falls, SD 57104-0422
28510728       +WF EFS,    PO BOX 84712,    SIOUX FALLS, SD 57118-4712
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
28510727       +E-mail/Text: abcrecoveryinc@aol.com Jan 01 2020 00:20:54     ABC CREDIT & RECOVERY,
                 P.O. Box 3722,    Lisle, IL 60532-8722
28510724       +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Jan 01 2020 00:24:09     CAPITAL ONE,
                 P O Box 30253,    Salt Lake City, UT 84130-0253
28510760       +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jan 01 2020 00:24:21     CAPITAL ONE BANK (USA), N.A,
                 4515 Santa Fe Ave,    Oklahoma City, OK 73118-7901
28510736       +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Jan 01 2020 00:19:53     COMENITY BANK/ASHSTWRT,
                 PO BOX 182789,    COLUMBUS, OH 43218-2789
28510738       +E-mail/Text: bankruptcy@consumerportfolio.com Jan 01 2020 00:20:52     CONSUMER PORTFOLIO SVC,
                 PO BOX 57071,    IRVINE, CA 92619-7071
28510749       +E-mail/Text: bankruptcy@consumerportfolio.com Jan 01 2020 00:20:52
                 Consumer Portfolio Services,    c/o Kathryn Carol Ann K.C. Jacobson,    PO Box 57071,
                 Irvine, CA 92619-7071
28510734       +E-mail/Text: electronicbkydocs@nelnet.net Jan 01 2020 00:20:31     DEPT OF EDUCATION/NELN,
                 121 S 13TH ST,    LINCOLN, NE 68508-1904
28510740        E-mail/Text: JCAP_BNC_Notices@jcap.com Jan 01 2020 00:21:06     FIRST PREMIER BANK,
                 c/o Jefferson Capital Systems LLC PO Box,    c/o Linda Dold,    Saint Cloud, MN 56302
28510772        E-mail/Text: rev.bankruptcy@illinois.gov Jan 01 2020 00:20:17
                 Illinois Department of Revenue,    Po Box 19035,    C/O Bankruptcy Unit,    Springfield, IL 62794
28510755       +E-mail/Text: cio.bncmail@irs.gov Jan 01 2020 00:19:38     IRS,    PO Box 7346,
                 Philadelphia, PA 19101-7346
28510752       +E-mail/PDF: resurgentbknotifications@resurgent.com Jan 01 2020 00:24:21
                 LVNV FUNDING, LLC Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
28510735       +E-mail/PDF: pa_dc_claims@navient.com Jan 01 2020 00:24:39     Navient,    PO Box 9635,
                 Wilkes Barre, PA 18773-9635
28510764       +E-mail/Text: bankrup@aglresources.com Jan 01 2020 00:18:16     Nicor Gas,    Po Box 549,
                 Aurora, IL 60507-0549
28510769       +E-mail/Text: bnc-quantum@quantum3group.com Jan 01 2020 00:20:05
                 Quantum3 Group LLC as agent for Comenity Bank,    PO Box 788,    Attn: Dharminder S. Sandhu,
                 Kirkland, WA 98083-0788
28510754       +E-mail/Text: bnc-quantum@quantum3group.com Jan 01 2020 00:20:06
                 Quantum3 Group LLC as agent for MOMA Trust LLC,    PO Box 788,    Kirkland, WA 98083-0788
28510774        E-mail/PDF: ais.tmobile.ebn@americaninfosource.com Jan 01 2020 00:25:01     T-Mobile,
                 PO Box 53410,    Bellevue, WA 98015
```

```
District/off: 0752-1           User: nmolina              Page 2 of 2                  Date Rcvd: Dec 31, 2019
                               Form ID: pdf001           Total Noticed: 50
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center (continued)
```
28510771         +E-mail/Text: khorner@checkintocash.com Jan 01 2020 00:23:16      check into Cash,
                  201 Keith St. SW, Ste. 80,   Cleveland, TN 37311-5867
                                                                                              TOTAL: 17

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
28510765*        +CAPITAL ONE BANK (USA), N.A,    4515 Santa Fe Ave,   Oklahoma City, OK 73118-7901
28510767*        +Capital One, N.A. C/O Becket and Lee LLP,   PO Box 3001,   C/O Shraddha Bharatia,
                  Malvern, PA 19355-0701
28510753*        +LVNV FUNDING, LLC Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
28510751*        +MEIJER CU,   520 S. WASHINGTON,   LANSING, MI 48933-2302
28510748       ##+Markoff Law LLC,   29 N Wacker Driver,   #550,   Chicago, IL 60606-2851
                                                                                       TOTALS: 0, * 4, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable.  Notices will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed.  The debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 02, 2020                                            Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 30, 2019 at the address(es) listed below:
```
              Glenn B Stearns    stearns_g@lisle13.com
              Patrick S Layng    USTPRegion11.ES.ECF@usdoj.gov
              Thomas  March     on behalf of Debtor 2 Ricky   Lottie tmarch@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
              Thomas   March    on behalf of Debtor 1 Lakisha   Lottie tmarch@semradlaw.com,
               ilnb.courtview@SLFCourtview.com
                                                                                             TOTAL: 4
```